United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BOBINO,<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:25-cv-04202 |
| PNC BANK NA,<br>    *Defendant*. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

This case, in which Plaintiff is proceeding pro se, involves a consumer line of credit and is before the Court on Defendant's Motion to Dismiss.[1]  ECF 8.  Having considered the parties' submissions and the law, the Court recommends that Defendant's Motion be GRANTED.

## I.    Background

On November 21, 2023, Plaintiff visited the PNC Bank located at 333 South Fry Road, Katy, Texas 77450 to apply for a $25,000 line of credit.  ECF 1 at 2; ECF 8-3 at 76.  PNC Bank denied his application.  ECF 8-1 at 3; *Bobino v. PNC Bank N.A.*, Civil Action no. 4:25-cv-1363 (*Bobino I*), ECF 1-1 at 27-28.  On April 17, 2024, Plaintiff instituted a demand for arbitration under the Federal Arbitration Act, claiming identity theft and forgery relating to his November 21, 2023 application for

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 13.

a line of credit.  *Id.*; ECF 8-3 at 98.  The Arbitrator, Bertrand C. Moser, denied Plaintiff's claims on November 11, 2024.  ECF 8-1. On January 3, 2025, Plaintiff filed a Petition to Vacate Arbitration Award in the 61st District Court for Harris County, Texas.  *Bobino I*, ECF 1-1 at 9.  Defendant removed the case to federal court where it was assigned to United States District Judge Keith P. Ellison.  *Id.*  ECF 1. Judge Ellison confirmed the Arbitration Award on August 6, 2025 (Confirmation Order).  *Id.*  ECF 22

Plaintiff filed this federal case (*Bobino II*) *on* September 3, 2025.  ECF 1. Plaintiff's Complaint alleges the same claims he raised in the arbitration proceeding, i.e., that he did not understand the application for a line of credit he signed on November 21, 2023 and PNC Bank's employee, Janiele Harvey, obtained his signature by negligence, deception, forgery, and "online impersonation."  *Id*. at 2-4. Plaintiff alleges Defendant's actions violate various provisions of the Texas Penal Code.  *Id.*  Plaintiff seeks $1,000,000.00 in non-economic damages and $50,000,000.00 in exemplary damages.  *Id.* at 4.  Defendant moves to dismiss this case on grounds res judicata based on *Bobino I*.

## II.     Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transi*t, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the presumption of truth to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto when ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, under Rule 12(b)(6) the court may take judicial notice of public documents and may also consider documents a defendant attaches to the motion to dismiss if the documents are referenced in the complaint and central to plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).

Defendant attached records from the prior arbitration proceeding, which in turn was confirmed in *Bobino I*, to its Motion to Dismiss.  The Court may take judicial notice of these records for the purpose of ruling on Defendant's Motion to Dismiss based on res judicata.  *See Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (holding that res judicata can be raised in a motion to dismiss where "the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." (citations omitted)); *Stone v. Louisiana Dep't of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014) (holding "[d]ismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings" (citations omitted)).

## III.   Analysis

Defendant seeks dismissal of Plaintiff's claims with prejudice based on the res judicata effect of *Bobino I.*  In the interests of judicial efficiency, the Court sua sponte raises additional grounds for dismissal.  The court possesses the inherent authority to dismiss an action sua sponte without motion by a defendant as long as the procedure is fair.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss sua sponte for failure to state a claim as long as the

procedure employed is fair).  Generally, the sua sponte dismissal procedure is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond.  *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021).  The procedure for sua sponte dismissal in this case is fair because this Memorandum and Recommendation notifies Plaintiff of the recommendation for dismissal and allows Plaintiff 14 days to file an objection explaining why his case should be allowed to proceed.  *See Anokwuru*, 990 F.3d at 967 (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).

### A.    Plaintiff's Texas Penal Code claims should be dismissed.

Plaintiff purports to assert claims for violation of the Texas Penal Code. "There is no private cause of action under the Texas Penal Code." *Brown v. Splendora ISD*, No. 4:24-CV-4895, 2026 WL 936502, at *8 (S.D. Tex. Apr. 7, 2026) (citations omitted); s*ee* also *Aguilar v. Chastain*, 923 S.W.2d 740, 745 (Tex. App.— Tyler 1996, writ denied) (holding "the Penal Code does not create private causes of action").  Therefore, the Court recommends that Plaintiff's claims under Texas Penal Statutes be dismissed with prejudice for failure to state a claim.

**B. Plaintiff fails to state claim for relief under Texas Common Law.**

In order to state a claim Plaintiff must plead sufficient facts to support a plausible claim for relief. Plaintiff's Complaint alleges only threadbare facts and legal conclusions. In support of his negligence claim, Plaintiff alleges PNC employee Janiele Harvey breached her duty under Texas Penal Code § 6.03(c) when she "denied me transparency and a meaningful opportunity to read and understand a writing that needed my approval before its completion." ECF 1 at 2. For his deception claim under Texas Penal Code § 32.46(a)(1), Plaintiff alleges that Harvey "intentionally used my identifying information without my effective consent to sign a document of pecuniary interest." *Id.* Plaintiff alleges Harvey committed forgery in violation of Texas Penal Code § 32.21(a)(A)(i) when she knowingly "completed, authenticated and submitted a writing (the $25,000.00 line of credit application) that purported to be an act by me, without my authorization." *Id.* Finally, Plaintiff alleges that Harvey used Plaintiff's name to communicate with Experian, thereby committing online impersonation in violation of Texas Penal Code § 33.07(a)(2). *Id.*

However, Plaintiff admits in his Complaint that he went to the bank on November 21, 2023 to inquire about a $25,000.00 line of credit. The Complaint does not allege that Plaintiff told Harvey not to submit the credit application, nor does it allege that Plaintiff did not sign the application. In short, Plaintiff fails to allege a

specific wrongful act by Harvey. Although Plaintiff now claims that Harvey secured his signature by deception and committed forgery, his own allegations and admissions demonstrate that he cannot plausibly allege a claim for deception or forgery. Thus, Plaintiff's Complaint fails to meet the pleading standards of *Iqbal* and *Twombly*. The Court recommends that Plaintiff's Complaint be dismissed with prejudice for failure to state a plausible claim for relief.

### C. **Plaintiff's claims are barred by res judicata.**

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Under federal and Texas law, res judicata applies if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters*, 428 F.3d at 571; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). A "transactional test" is used to determine whether a subsequent action involves the same claim or cause of action. Under this test, "[a] prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Test Masters*, 428 F.3d at 571; *see also Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

Arbitration proceedings, like lawsuits, can have preclusive effect. *Murchison Cap. Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 620 (5th Cir. 2015).

Plaintiff does not contest the existence of the usual elements of res judicata in this case: (1) the parties in this case and in *Bobino I* are identical; (2) the United States District Court for the Southern District of Texas had jurisdiction over Plaintiff's Petition to Vacate Arbitration Award in *Bobino I*; (3) Judge Ellison's August 6, 2025 Order, entered on August 7, 2025, was a final judgment that disposed all parties and all claims in *Bobino I;* and (4) Plaintiff asserted claims in the arbitration that arise out of the same transaction as the claims he asserts in this case. Instead, Plaintiff contends res judicata does not apply because the arbitrator did not have jurisdiction over the dispute and Judge Ellison confirmed that ruling. *See* ECF 9; ECF 20. In essence, Plaintiff argues that the Arbitration Award is void and therefore the Confirmation Order by Judge Ellison cannot be given prelusive effect.

The Arbitrator made three findings: (1) an arbitrator does not have jurisdiction to adjudicate disputes unless the parties have agreed to arbitrate. Here, "[t]here was no contract between the bank and Mr. Bobino for a line of credit. Therefore, there could be no arbitration clause in a contract that did not exist;" (2) Plaintiff did not present any evidence of exactly what the bank did wrong and his requests for discovery were a "fishing expedition;" and (3) Plaintiff did not show he suffered any damages. ECF 8-1. The *Bobino I* court rejected all of Plaintiff's arguments to vacate

8

the Arbitration Award. ECF 8-4.  The Confirmation Order specifically upholds the Arbitrator's determination that "no contractual relationship existed between the parties concerning the line of credit," and that there is "no evidence that Plaintiff suffered any compensable harm from the denial of his credit application."  *Id*. at 6.

In the absence of an agreement to arbitrate "any disputes are left for resolution by the judicial system," but in this case Plaintiff initiated the arbitration and advocated in favor of the arbitrator's jurisdiction (both in the arbitration and before Judge Ellison).  ECF 8-2 at 7 (Plaintiff's argument in his Petition to Vacate that he has a valid arbitration agreement with PNC); ECF 8-4 at 5 (stating that Plaintiff sought to vacate the Arbitral Award because contrary to the Arbitrator's ruling "[r]egarding the scope of the arbitration agreement, Plaintiff maintains that it covers all disputes with PNC").  Thus, the arbitrator dismissed Plaintiff's claims on the merits.  ECF 8-1 at 2-3.

"A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act."  *Weinberg v. Silber*, 140 F. Supp. 2d 712, 718 (N.D. Tex. 2001) (quoting *Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 269 (7th Cir.1988)).  Due to his prior positions taken in the arbitration and before the federal court, Plaintiff is now judicially estopped from arguing the Arbitration Award is void due to lack of jurisdiction.  *See Anadarko Petroleum Corp. v.*

*Alternative Env't Sols., Inc.*, 169 F.4th 542, 550 (5th Cir. 2026) (holding that "Judicial estoppel has three elements: (1) The party against whom it is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." (citation omitted)).

The Arbitration Award was confirmed by the United States District Court, a court of competent jurisdiction, converting the award into a final judgment from a federal court entitled to res judicata effect.  If Plaintiff disagreed with the Confirmation Order, his remedy was to file an appeal to the Fifth Circuit.  He did not do so.  Therefore, the Court recommends that Plaintiff's claims be dismissed in their entirety due to the res judicata effect of *Bobino I.*

## IV.    Conclusion and Recommendation

For the reasons stated above, the Court recommends that Defendant's Motion to Dismiss (ECF 8) be GRANTED and this case be dismissed in its entirety with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 01, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge

11